UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL ROSS VIETH, No. 08773-030,

    Petitioner,

  v.

ERIC WILLIAMS, Warden,

    Respondent.

Case No. 21-cv-170-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Daniel Ross Vieth's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois ("FCI-Greenville"), where respondent Eric Williams is the warden. The petitioner is challenging the computation of his sentence on the grounds that the Bureau of Prisons ("BOP") has not properly applied time credit to his sentence that he earned pursuant to 18 U.S.C. § 3632(d)(4), which is codified § 101(a) of the First Step Act of 2018, Pub. L. No. 115-391, § 101(a), 132 Stat. 5194, 5196 (2018). He also seeks appointment of counsel.

    This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

    In January 2009, Vieth pled guilty in the United States District Court for the Southern

District of Iowa to possessing a stolen firearm and possessing a firearm as a felon. *United States v. Vieth*, No. 3:08-cv-76-JAJ (S.D. Iowa). In May 2009, Vieth was sentenced to 100 months in prison on each count to run consecutively, for a total sentence of 200 months in prison. Vieth did not appeal this sentence.

He is currently incarcerated at FCI-Greenville with a projected release date of September 28, 2022. *See* https://www.bop.gov/inmateloc/ (visited May 12, 2021). He now seeks sentence credit under a provision of the First Step Act based on his participation in UNICOR[1] and other prison programing. In December 2018, the First Step Act directed the United States Attorney General to establish a system where an eligible inmate can participate in appropriate evidence-based recidivism reduction programs based on their specific criminogenic needs in order to earn time credits toward their sentence. *See* 18 U.S.C. § 3632(a) & (d)(4) (directing creation of the "Risk and Needs Assessment System"). Specifically, § 3632(a) & (d)(4)(A)(i) provides, "A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." Vieth believes that he has earned at least 250 days of time credit and that his release date should be May 28, 2021.

The computation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *United States v. Walker*, 917 F.3d 989,

---

[1] According to the BOP website:
> UNICOR is the trade name for Federal Prison Industries (FPI): a wholly owned, self-sustaining Government corporation that sells market-priced services and quality goods made by inmates. But more importantly, it's also a vital correctional program that assists offenders in learning the skills necessary to successfully transition from convicted criminals to a law-abiding, contributing members of society. UNICOR benefits everyone.

BOP, UNICOR, https://www.bop.gov/inmates/custody_and_care/unicor.jsp (visited May 12, 2021).

994 (7th Cir. 2019) (noting inmate may challenge the computation of his sentence by a § 2241 petition after first seeking relief through the BOP's administrative procedures).  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **June 11, 2021**.  This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in his whereabouts during the pendency of this action.  This notification must be in writing no later than 7 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  See Fed. R. Civ. P. 41(b).

This order renders the petitioner's motion for status (Doc. 5) **MOOT**.  The Court **RESERVES RULING** on the petitioner's motion for recruitment of counsel (Doc. 4).

**IT IS SO ORDERED.**
**DATED:  May 17, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**