UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL ROSS VIETH, No. 08773-030,

    Petitioner,

  v.

ERIC WILLIAMS, Warden,[1]

    Respondent.

Case No. 21-cv-170-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Daniel Ross Vieth's *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). When he filed this motion, the petitioner was incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden. It appears he is now assigned to the Kansas City residential reentry management field office. The petitioner is challenging the execution of his sentence on the grounds that the Bureau of Prisons ("BOP") has not properly applied time credit to his sentence that he earned pursuant to 18 U.S.C. § 3632(d)(4), which codified § 101(a) of the First Step Act of 2018, Pub. L. No. 115-391, § 101(a), 132 Stat. 5194, 5196 (2018). The respondent has responded to Vieth's petition (Doc. 11). The Court also considers Vieth's motion for recruitment of counsel to assist him in this case (Doc. 4).

Vieth has not exhausted his administrative remedies, as the Court requires for § 2241 petitions. Furthermore, even if he had exhausted his remedies, he could not be entitled to any sentence credit until the BOP has completed phasing in the First Step Act sentence credit

---

[1] Vieth is no longer in the custody of Warden Williams since he has been transferred to a residential reentry center in Kansas City. *See* https://www.bop.gov/inmateloc/ (visited Nov. 2, 2021). However, in light of the disposition of this matter, the Court does not find it necessary to substitute the respondent to reflect Vieth's current custodian.

modifications, which will happen by January 15, 2022. As explained below, the Court will dismiss Vieth's petition without prejudice. And because the presence of counsel on Vieth's behalf would not have had a reasonable chance of changing this conclusion, the Court will deny Vieth's motion for recruitment of counsel.

I.     **Background**

In January 2009, Vieth pled guilty in the United States District Court for the Southern District of Iowa to possessing a stolen firearm and possessing a firearm as a felon. *United States v. Vieth*, No. 3:08-cv-76-JAJ (S.D. Iowa). In May 2009, Vieth was sentenced to 100 months in prison on each count to run consecutively, for a total sentence of 200 months in prison. Vieth did not appeal this sentence and he has not filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

He is currently assigned to a residential reentry management office with a projected release date of September 28, 2022. *See* https://www.bop.gov/inmateloc/ (visited Nov. 2, 2021). He now seeks sentence credit under a provision of the First Step Act based on his participation in UNICOR[2] and other prison programing. He believes that he has earned at least 250 days of time credit and that his release date should have been May 28, 2021, at the latest. Vieth concedes that he had not exhausted his administrative remedies when he filed his § 2241 petition, but he believes that he is exempt from that requirement because (1) his complaint involves only

---

[2] According to the BOP website:
> UNICOR is the trade name for Federal Prison Industries (FPI): a wholly owned, self-sustaining Government corporation that sells market-priced services and quality goods made by inmates. But more importantly, it's also a vital correctional program that assists offenders in learning the skills necessary to successfully transition from convicted criminals to a law-abiding, contributing members of society. UNICOR benefits everyone.

BOP, UNICOR, https://www.bop.gov/inmates/custody_and_care/unicor.jsp (visited May 12, 2021).

statutory construction, not factual determinations and (2) because he would not be likely to complete the process before his current release date.

The Respondent urges the Court to dismiss Vieth's petition because he failed to exhaust his administrative remedies, he has no vested right to earned time credits under the First Step Act at this point, any credits he has earned are not enough for immediate release, and he is not eligible for credits because the BOP has assessed him as at a high risk of recidivism.

## II.     Analysis

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019).  An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition.  *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Thus, the BOP is responsible for applying new sentencing credit reforms enacted in December 2018 in the First Step Act.

That legislation directed the Attorney General to establish a system where eligible inmates can participate in appropriate evidence-based recidivism reduction programs based on their specific criminogenic needs in order to earn time credits toward their sentences.  *See* 18 U.S.C. § 3632(a) & (d)(4) (directing creation of the "Risk and Needs Assessment System").  Specifically, 18 U.S.C. § 3632(a) and (d)(4)(A)(i) provide that an eligible prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  The First Step Act required the Attorney General to develop the Risk and Needs Assessment System ("System") within 210 days after enactment of the statute, that is, by July 19, 2019.  18 U.S.C. § 3632(a).  The First Step Act is

clear, however, that sentence credit will not be available in all circumstances. 18 U.S.C. § 3632(d)(4). For example, credit is not available for programming completed before the First Step Act or during pretrial detention. 18 U.S.C. § 3632(d)(4)(B). Nor is an inmate eligible for the credits if he is serving a sentence for certain crimes, 18 U.S.C. § 3632(d)(4)(D), or fails to meet other criteria, 18 U.S.C. § 3624(g)(1).

The System was not required to go into effect immediately after it was developed. Within 180 days of development of the System, that is, by January 15, 2020, the BOP was required to implement and complete the initial intake risk and needs assessment for each prisoner incarcerated before passage of the First Step Act and to begin assigning those inmates to appropriate programs and expanding those programs. 18 U.S.C. § 3621(h)(1)(A). Implementation of the System would be phased in over the following two years for all prisoners, that is, by January 15, 2022. 18 U.S.C. § 3621(h)(1)(B)-(C) & (h)(2). Inmates are to be given priority during the two-year phase-in period based on the proximity of their release dates. 18 U.S.C. § 3621(h)(3). The BOP was also permitted, but not required, to offer the incentives, including time credit, any time after the enactment of the First Step Act. 18 U.S.C. § 3621(h)(4).

The BOP developed the System—the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN")—by the June 19, 2019, deadline. It also initially assessed each individual inmate's criminogenic needs by the January 15, 2020, deadline and is identifying and expanding programming to meet those needs. Indeed, at the time of the response, the BOP had placed Vieth into programming based on his assessed needs and was tracking his progress through those programs. The System is currently in the phase-in stage, which is to be completed by January 15, 2022, and is not completely in place. In fact, the BOP is still in the process of promulgating specific regulations about how days of programming will be counted and when

time credits will be awarded.  *See* FSA Time Credits, https://www.regulations.gov/document/ BOP-2021-0002-0001 (visited Nov. 2, 2021).

      A.      Exhaustion

The respondent first urges the Court to dismiss Vieth's motion because he did not exhaust his administrative remedies before filing his § 2241 petition.  Vieth contends he should not be required to exhaust his administrative remedies because the issue he raises is one of purely legal construction of a statute, not any factual determination.  Additionally, he contends that since he was entitled to release in May 2021, he did not have time to complete the administrative remedy process before filing his § 2241 petition in February 2021.

Generally before an inmate can file a § 2241 petition, he must exhaust the BOP administrative remedy procedures.  *Walker*, 917 F.3d at 994; *see McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).  Although there is no express exhaustion requirement in § 2241, with few exceptions, courts generally require it.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"); 28 C.F.R. § 542.10 *et seq*. (describing the BOP's administrative remedy process).  However, the Court may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised.  *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotations omitted).

Vieth admits he did not exhaust his administrative remedies before he filed his petition, and the Court declines to excuse that failure.  The questions Vieth presents are not solely

5

statutory interpretation questions that might be excused from exhaustion.  On the contrary, they also involve questions of fact that the administrative remedy process is best suited to determine in the first instance.  For example, are time credits available to him based on the eligibility and availability criteria of 18 U.S.C. § 3632(d)(4), and has he earned any such credits through participation in the appropriate programs to warrant his release?  In light of its expertise in the field of corrections and the continuing evolution of BOP regulations to award First Step Act credit, the BOP is in the best place to answer these types of questions in the first instance in a consistent manner for all inmates before scarce Court resources are expended.

Nor would exhaustion unduly delay Vieth's release.  As noted below, the First Step Act does not *require* the BOP to award credit during the phase-in period, although it allows it to, so Vieth is not entitled to an earlier release date.  Additionally, even if the BOP decides not to apply sentence credit until January 15, 2022, there is no indication that the BOP will refuse to award any First Step Act time credit to which Vieth is entitled at that time.  In other words, until the BOP actually makes a decision on Vieth's time credit, this case is not ripe for review by this Court.  The Court should give the BOP the opportunity to address this question in a uniform, deliberate way before it rushes in.  *See Smiley v. Citibank (S.D.), N.A.*, 517 U.S. 735, 740-41 (1996) (recognizing "a presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows").

B.     Current Right to Credit

The respondent further argues that Vieth has no right to the application of any sentence credit under the First Step Act before January 15, 2022.  As noted above, the First Step Act states

that, following enactment of the statute, the BOP "*may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D," 18 U.S.C. § 3621(h)(4) (emphasis added), which include sentence credit incentives, 18 U.S.C. § 3632(d)(4). This is an *option* available to the BOP before January 15, 2022, not a right to which Vieth would be entitled. Only *after* January 15, 2022, could Vieth possibly have an entitlement to sentence credit under the First Step Act, and only then could the issue be ripe for review under § 2241. Furthermore, regulations do not currently interpret the First Step Act's commands, so the Court would be at loose ends to fashion a remedy before the BOP's interpretations and regulations are finalized.

In light of the Court's decision to dismiss Vieth's petition for failure to exhaust administrative remedies, the Court need not address the respondent's other arguments for dismissal.

### III. Conclusion

For the foregoing reasons, the Court:

- **DISMISSES** Vieth's § 2241 petition **without prejudice** for failure to exhaust administrative remedies (Doc. 1);

- **DENIES** Vieth's motion for recruitment of counsel (Doc. 4); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  November 8, 2021**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**